UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **AMY CLYMER,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CASE NO. 1:15-cv-00300-JTM-SLC |
| ) | |
| **WAL-MART STORES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Amend Complaint to Add Party Defendant (DE 13), together with a supplement (DE 15), filed by Plaintiffs Amy Clymer and Dan Clymer (together, "the Clymers"), seeking leave of Court to name Triscape, Inc. ("Triscape"), as an additional defendant in this suit removed here based on diversity of citizenship. Recognizing that the addition of Triscape will destroy diversity jurisdiction, the Clymers also request that this case be remanded to Allen Superior Court. (DE 15). Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), has not filed a response to the motion, and its time to do so has now passed.

For the following reasons, the undersigned Magistrate Judge recommends that the Clymer's motion to amend to add Triscape as a defendant be GRANTED, and that the case be REMANDED to Allen Superior Court due to lack of subject matter jurisdiction.[1]

---

[1] Although the Seventh Circuit Court of Appeals has determined that a motion to amend is nondispositive, *see Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006), the instant motion seeks to join a nondiverse defendant whose joinder would destroy the Court's diversity jurisdiction. *See Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 760 n.6 (7th Cir. 2009). "[The Seventh Circuit has] not addressed whether a motion to join a nondiverse defendant whose joinder would destroy the court's diversity jurisdiction is 'dispositive.'" *Id.* Therefore, out of an abundance of caution, the undersigned Magistrate Judge has issued a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

*A. Factual and Procedural Background*

The Clymers filed this negligence suit against Wal-Mart in Allen Superior Court on September 8, 2015, as a result of Amy Clymer's slip and fall on ice in Wal-Mart's parking lot. (DE 3). Wal-Mart removed the case here based on diversity jurisdiction; in its notice of removal, Wal-Mart represents that the Clymers are citizens of Indiana and that Wal-Mart, a Delaware corporation with its principal place of business in Arkansas, is a citizen of both Delaware and Arkansas. (DE 1 ¶ 2).

On December 4, 2015, this Court held a preliminary pretrial conference, setting the following deadlines: March 4, 2016, to seek permission to join additional parties and amend the pleadings; and October 14, 2016, for the completion of all discovery. (DE 10; DE 11). On March 15, 2016, the Clymers filed the instant motion to amend, seeking leave to add Triscape, who purportedly contracted with Wal-Mart to perform Wal-Mart's snow removal, as an additional defendant. (DE 13). On April 13, 2016, the Clymers, upon order of the Court, filed a supplement to their motion, indicating that Triscape is an Indiana corporation. (DE 15). As such, the Clymers acknowledge that joinder would destroy diversity jurisdiction and ask that, upon amendment, the case be remanded to Allen Superior Court. (DE 15). As stated earlier, Wal-Mart has not filed a response to the motion to amend.

*B. Discussion*

As a general matter, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S 178, 182 (1962).

2

However, "[w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur*, 577 F.3d at 759 (citation omitted). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id*. (citations omitted).

"A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id*. (citations omitted). In considering the propriety of the joinder of a nondiverse party after removal, the court applies the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. (citations omitted). "In order to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be one that is indispensable to just adjudication of a lawsuit within the meaning of Rule 19 of the Federal Rules of Civil Procedure." *Destiny Health, Inc. v. Conn. Gen. Life Ins. Co.*, 741 F. Supp. 2d 901, 906 (N.D. Ill. 2010) (citations omitted).

## C. Discussion

As a threshold matter, the Court notes that the Clymers filed their motion 11 days after the deadline for seeking leave to amend the pleadings. "To amend a pleading after the expiration of the trial court's [s]cheduling [o]rder deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting Fed. R. Civ. P. 16(b)). "Rule 16(b)'s 'good cause' standard primarily

3

considers the diligence of the party seeking amendment.'" *Id.* (citation omitted). Here, the Clymers state that they learned through Wal-Mart's discovery responses provided on March 7, 2016, that Wal-Mart had contracted with Triscape to handle its snow removal. (DE 13 ¶¶ 2, 4). The Court finds that the Clymers' recent discovery of this information constitutes "good cause" for filing the belated motion to amend.

The Court now turns to the propriety of allowing joinder, beginning with the first factor— plaintiff's motive for seeking joinder. Here, there is no suggestion that the Clymers are seeking joinder of Triscape "*solely* to accomplish remand." *Grinston v. Cypress Media, LLC*, No. 10-cv-0851-JPG-SCW, 2011 WL 833969, at *2 (S.D. Ill. Feb. 21, 2011) (citations omitted). Rather, the Clymers contend that Triscape "plowed and piled the snow that later created the ice upon which Amy Clymer fell," "that the piling of this snow was done without Wal-Mart's direction," and "that the negligence of Triscape . . . cause[d] . . . their damages." (DE 13 ¶ 5). As such, the Clymers' motive militates in favor of granting the motion to amend.

With respect to the timeliness factor, as stated above, the Clymers learned about Triscape's relationship with Wal-Mart through the discovery process, and there is no indication that the Clymers unduly delayed in seeking leave to amend. The Clymers received Wal-Mart's answers to their interrogatories on March 7, 2016, and filed the instant motion just four days later. *See, e.g.*, *Destiny Health, Inc.*, 741 F. Supp. 2d at 909 (finding that the plaintiff acted promptly in seeking to amend within 10 days of receiving discovery responses that raised the issue); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *2 (N.D. Ill. Oct. 30, 2002) (finding a delay of 11 days between plaintiff's learning of defendant's position through discovery and seeking leave to amend to add non-diverse parties was not dilatory); *Cty.*

4

of *Cook v. Philip Morris, Inc.*, No. 97 C 3295, 1997 WL 667777, at *2 (N.D. Ill. Oct. 17, 1997) (finding that two months and three weeks was not an undue delay, especially where no significant activity occurred in the action). Therefore, the timeliness factor also weighs in favor of granting the Clymers leave to amend.

Next, the Court considers whether the Clymers will be significantly injured if joinder is not allowed. "Under this factor, the Court is required to balance the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed with the risk that a defendant will be prejudiced if the amendment is allowed." *Grinston*, 2011 WL 833969, at *4 (citation omitted). Again, Wal-Mart did not respond to the motion, and thus, there is no suggestion that it will be prejudiced if the amendment is allowed. In contrast, the Clymers will face added expense and difficulty if they have to pursue litigation on the same incident against Triscape in state court and Wal-Mart in federal court. *See id*. Consequently, this third factor, too, weighs in favor of granting the Clymers leave to amend.

The final factor—other relevant equitable considerations—acknowledges that Wal-Mart has "a significant interest in a federal instead of an out of state forum, and any other general equitable considerations." *Id*. at *5 (citations omitted). Here, however, Wal-Mart has not pointed the Court to any additional, specific equitable considerations. Consequently, there is no basis to conclude that Wal-Mart will be prejudiced by the joinder of Triscape and by having to defend this action in state court.

In light of the foregoing, the undersigned Magistrate Judge concludes that the Clymers' motion to amend to join Triscape as a defendant should be granted, and furthermore, because such joinder will destroy diversity jurisdiction, that this suit should be remanded to Allen

Superior Court. *See Schur*, 577 F.3d at 759 ("[T]he district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." (citations omitted)).

### *D. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Clymers' Motion to Amend Complaint to Add Party Defendant (DE 13) be GRANTED and that the case be REMANDED to Allen Superior Court due to lack of subject matter jurisdiction.

The Clerk is directed to send a copy of this Report and Recommendation to counsel for the parties. NOTICE IS HEREBY GIVEN that, within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 20th day of May 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge